Your Honors, you may please the court. Jared Beck, on behalf of the appellants, and I'm going to try to reserve one minute for rebuttal. This is an antitrust class action brought by indirect purchasers of airfare between the United States and Korea, alleging that the two major Korean airlines engaged in price-fixing fuel surcharges. We contend, on behalf of the indirect purchasers, that the court below made two errors in dismissing the case with prejudice. First, in refusing to allow the plaintiffs to assert claims under the Federal Sherman Act, and two, finding that the plaintiff's state law claims were preempted under the Airline Deregulation Act. And these are appealable orders? I'm sorry, Your Honor. These are appealable orders? Yes, Your Honor. The order refusing to allow the plaintiffs to assert claims under the Sherman Act was, number one, was incorporated into the order of dismissal with prejudice, and it was essentially a denial of leave to amend. And, in fact, there was an amended complaint that had been filed that did assert the Federal Sherman Act claims, both for injunctive relief and for damages, that was stricken by the court. So we contend. Was it a Rule 54 severance? I'm sorry, a Rule 54? Severance. Well, Your Honor, it was a case-management order that ---- But isn't that interlocutory? Well, to the extent that prior orders in the litigation are merged into the final judgment, which sounds a death knell for the plaintiff's claims, they're certainly appealable. Okay. Let's go down. Let's say this weren't an MDL case. Let's just say it was a regular old case. And you had certain parties or certain claims dismissed from the case, right? You can't appeal those without getting a 54-D severance. This is what Rule 54-D is for. You have to take a final, what's otherwise a final order, and render it appealable by seeking the district court's leave. Your Honor, the appeal in this case is taken from the order dismissing the complaint with prejudice. And in the first footnote of that order, the court states that it considered the request which was made by the plaintiffs to assert Sherman Act claims. And it denied that request. It didn't give a reason for denying that request, but it's in the order itself. So to the extent that the order on appeal here, expressly in the order itself, says not only are the State law claims preempted, but the Federal claims, which were previously asserted in a complaint and requested as part of the papers for this particular part of the briefing, you requested leave to reassert those, that's not only a dismissal, but it's a denial of leave to amend. And so I don't see why it wouldn't be appealable from that order. It's part and parcel of that order. And in fact, it's a denial of a substantive right. The case is still ongoing in this Court, right? This case is not. When you say this case. The case on behalf of the indirect purchasers. Now, where did that case originate? That case originated in the Central District of California. The original complaint was filed there, I believe, at the end of 2007. So that entire complaint has been dismissed. Correct. That entire complaint has been dismissed with prejudice. Counsel, Judge Gould, if I could interject a question, please. I thought that the District Court, in the case management orders, had said that to the extent any indirect purchasers had claims that could satisfy the Illinois district exceptions so that they could be presented, that those indirect purchaser claims could be presented or should be presented by the direct purchaser's lawyer. Correct. Am I wrong about that or am I right? You're right. And that's. Well, then, therefore, if that's true, then my question is the claims seem not to have been extinguished. It just seems like there's a case management order by the judge that says these claims are to be asserted by a different counsel or set of counsels. So if that's true, that would seem interlocutory to me, but I may be missing something. Your Honor, the claims of these plaintiffs were absolutely extinguished, and these are the only plaintiffs, whether in this action or the coordinated direct purchaser action, who are alleged to have purchased the airfare indirectly. So, number one, those direct purchasers in the other case don't have standing to pursue claims on behalf of an indirect purchaser class. And number two, there's an inherent and irreducible conflict between, especially where there are number one exceptions to the Illinois BRIC standing rule alleged here, as we have alleged, there's an inherent and irreducible conflict to having those claims litigated concurrently by the direct purchasers with direct purchasers counsel, because there are competing and conflicting interests. If the direct purchasers succeed in showing, or the indirect purchasers succeed in showing that there are Illinois BRIC exceptions, then the Illinois, then those indirect purchasers are entitled to damages, but the direct purchasers are not. On the other hand, if the directs succeed in showing that there are no Illinois BRIC exceptions, then they are the classes in favor. That may be a good argument or may not be, but it doesn't go to the appealability question. Let me phrase it with a different angle. What is the specific order from which you are appealing? What is the order that you are? It's the order dismissing the complaint with prejudice. Okay. I don't have that at hand. Why don't you tell me where I can find it? This is the excerpts of record. It's at tab 67. Okay. I have tab 67. I didn't see anything like that. There's a motion to dismiss. As best I can tell, that deals with the State claims altogether. Yes. And I would refer the Court to the first footnote, which says, subsequent to the filing of defendant's motions, plaintiffs filed a motion to submit surreply to defendant's motion to dismiss indirect purchasers' second amended complaint. And the Court granted plaintiff's motion as the submission of new arguments on the preemption issue. And then it goes on to the second paragraph. Plaintiff's motion also requests a leave to add claims under the Sherman Act. What page are you on, counsel? I'm sorry. I'm on the first page of the order granting defendant's motion to dismiss at tab 67, volume 1. All right. And then the second paragraph. Plaintiff's motion also requests a leave to add claims under the Sherman Act. By order of July 22, 2008, the Court granted plaintiff's motion as the consideration of this request. However, the Court denied the request, concluding that plaintiffs may only assert State law claims. So what I would say to the Court is that if you have an order finding preemption, dismissing State laws, State claims under preemption, but in the same order denying a request and a timely raise request to amend to assert different claims, then that becomes part of the order. And it makes this order the appealable order, as well as the prior case management orders, which, through this footnote, were incorporated into this order. And that's why we contend that this is certainly a proper appealable order. So you're appealing an order denying leave to amend? Correct. And that's a final judgment as far as you know? Certainly, because this order sounded the death penalty of plaintiff's claims. You're not appealing the order which you don't include here, the July 22, 2008 order? To the extent that that's incorporated into this, then that becomes part of the order. Well, let me tell you, it's not incorporated. So you're not appealing it? Well, we are appealing it. To the extent it is. I don't know what you mean by to the extent it is. What kind of answer is that? Are you appealing it or are you not appealing it? Yes, we are appealing it. Well, I see your notice of appeal, and this is not included in your notice of appeal, which is tab 68. Is that the order anywhere there? Well, we included those orders as part of the record. But I would say that to the extent that the law is there. Which is the order that actually dismisses your federal claims? Where is that order? That order is at tab 23, and it's also at tab 66 of the first volume. Okay. I got both of these tabs. Tab 66 is. Which one, tab 66? Is that the same order? No, this is the, well, this is the March 14, 2008 order. Well, no, this is the order saying you will not be allowed to add Sherman Act claims. Correct. Where is the order dismissing your Sherman Act claims to begin with? Well, it's in. Did you ever file anything making a Sherman Act claim? Yes, we did. There was a second amended complaint that was filed that was stricken in the March 14, 2008. And where is that order? That's the March 14, 2008 order. And where is that? It's at tab 66. Tab 66. I'm sorry. Tab 63. I misspoke. Tab 23. Tab 23, right after tab 66. I'm sorry. The court intended that the indirect purchaser claims would only represent those claims arising under state law. I'm sorry. Where are you reading? I'm reading from the middle paragraph. The court intended that the indirect purchaser claims would only represent those claims. Where is the order dismissing? I mean, you're complaining about the fact that you had Federal claims and they were dismissed. Where is that order? They were stricken.  They were stricken. It's in that order. It says it strikes the indirect purchaser claim as second amended complaint. Yeah, with leave to refile. Not Federal claims, though. Only state law claims. The indirect purchaser claims are ordered to refile a second amended complaint. Correct. But the court intended that the indirect purchaser claims would only represent those claims arising under state law. So we would have been in contempt of that order had we refiled a complaint with Federal claims. I mean, it specifically says only state law. I mean, if that's not equivalent to a dismissal. Now, you don't list the March 14th order in your notice of appeal, which is at page 6, that tab that's here, there. I can see that. It's we submit that it's part of, it's reaffirmed, the reasoning is reaffirmed in the order granting defendants motion to dismiss by way of footnote 1. It's incorporated into that order. I mean, there's a there's no rule that says you have to. It's the minute order of March 14th. Yes, that's the minute. Okay. So let's say this is. So this dismisses the Federal claims. Correct. And dismisses an empirical claim. Yes. Where's that? The order granting defendants motions to dismiss the ruling on page 11. For the foregoing reasons, the court grants defendants motions. The second amended complaint is dismissed with prejudice. And this was dismissal of the entire complaint in case 07-05107? Correct. There's nothing else left. Nothing. And did you then bring state claims? The state claims were brought. Yes, that was what the court had ordered us to refile as part of the March 2008 case management order. They said, the court said, refile the second amended complaint, but only with state claims. And then the court dismissed those? Yes. Okay. So what's going on in the district court right now? Well, to our understanding, the coordinated direct purchaser action is still being litigated. As to us, nothing. We've been dismissed. And that litigation happens in another case? It's a coordinated but not consolidated action, and it only involves direct purchasers. Okay. All right. Any further questions? No, we'll hear from the other side. Okay. Thank you, Your Honor. Good afternoon, Your Honor. May it please the court, Ian Simmons of Melvinian Meyers on behalf of Asiana Airlines and Korean Airlines. Your Honor, before I go to the order which brought us here today, let me quickly address the appealability of the case management orders. I think Judge Gould has the procedure down correctly. What Judge Otero did, which is what many judges do in an MDL action, he gave one set of lawyers state law claims to prosecute and one set of lawyers federal law claims to prosecute. All federal claims, whether they be indirect under recognizable federal law or direct, are alive and active before Judge Otero. It is simply not accurate to say that this case management order at tab 32 is an appealable order. This court said in the PPA case that case management orders are the engines which allow district judges to drive the dispositions of their cases. Think of what counsel and their briefs have been saying on this issue. Let me ask you this. Do you agree with opposing counsel that their entire complaint has now been dismissed out in case 05? I do. In so far as there are federal— Why aren't you letting me finish my question? I apologize. Why do you think it's important for you to talk over me? I didn't mean to interrupt. I apologize. Well, obviously you did accidentally. I did. Now listen, okay? Yes, Your Honor. Do you agree with opposing counsel that the district court dismissed the entirety of complaint in case 07-05107? It did, Your Honor. And what that case— Enough. Enough. Do you agree with opposing counsel that the district court dismissed the entirety of complaint 07 in 07-06-542? It did, Your Honor. Okay. So how, then, are those not final appealable orders? What was contained in those complaints, Your Honor, were state law claims. The dismissal—we are here on a preemption question. Judge Otero just— Okay. What, then, about this March 14th order, which seems to dismiss Chaminade claims? No, it doesn't, Your Honor. What it did is it struck— In October 2007, these plaintiffs filed a complaint with both federal and state. In December 2007—and this is at docket ER-10 of the record—in December 21, 2007, these same counsel dropped their federal claims. They only asserted state. Then they tried to refile in March of 08 with federal and state. Judge Otero said, no, wait a minute. I've got two sets of plaintiff's counsel. This is how I'm going to group the case. This group prosecutes all federal claims, direct and indirect, insofar as they are indirect under federal law. This group is going to prosecute state law claims. The order that's on appeal here is the order which said, under the Airline Deregulation Act, state law claims are preempted. Okay. Count— Okay. You're telling me all sorts of things that I'm not interested in. And you can talk if you want to, but just listen carefully to what I'm asking, okay? You're saying that they brought the complaint that had state and federal claims. They—there's three complaints that they filed, sir. Yes. A judge—a chief judge can look like this. In December of 2007—I should say in October 2007, they had federal and state. Then they filed another one in December 2007, where they voluntarily dropped federal claims. When you say another, you mean a different case? A new complaint. That's right, Your Honor. With a different case number? Yes. I don't know whether it had a different number. I think it's part of the same case. And that's at the December 2007 complaint, where they dropped—they voluntarily dropped state law claims, is at 10 of the record. Then in March— Sorry. At what? It is E.R.—excerpt of the record, 10, tab 10, Your Honor. Okay. When you say dropped, what exactly did they do? They refiled a complaint that did not have any federal claims. All the federal claims were asserted by the other counsel who aggregated all federal direct and indirect claims. Then in March of 2008, Your Honor, they tried to refile—contrary to one of Judge Otero's CMOs, Judge Otero said, the way I want these to proceed is one group prosecute state, one group prosecute federal. They are saying effectively federal indirect claims that there are have been dismissed, but at the same time they're saying the active federal case is evidence of a conflict of interest. If federal indirect claims— You know, you keep going off into outer space. I'm trying to get a sequence here, and you want to back into argument. Okay? You know, I ask a question, and you just sort of keep going and going. They filed a complaint with the state of federal claims, yes or no? Stop. Yes or no? In October— Yes or no? Yes. Okay. They then filed a superseding complaint that did not have federal claims in it. Correct. Okay. Next, they tried to add the federal claims back in again. Correct. And that was denied. In tab 32, correct. 23, I should say. Okay, so why is that not an appealable order in the case where they seek to add federal claims? Because it was, I think, Chief Judge Kuczynski, the points you were making with counsel. Insofar as there are federal indirect claims, they are being asserted and are a lie. In another case? In another case? It's before the same judge. These are coordinated MDLs. These cases appeared before Judge Otero by the MDL panel. He had to figure out a way of— I'm sorry. I don't understand what you're saying. There's another case going on where federal claims are being asserted. We're not talking about appealability of what the judge did in this case. And from what you have told me is the judge in this case denied them leave to add federal claims. Add back federal claims. He ordered all federal claims to be consolidated with a different group of counsel. And your answer to me is yes or no? My answer is no. He didn't deny leave. There are federal— So they could have but didn't amend the complaint in this case to add federal claims. He didn't allow these—there are federal indirect—insofar as there are indirect claims, they are a lie. So my point to you is did he dismiss federal indirect claims? Did he do that? Answer, no. Different counsel are prosecuting them. So what claim—I would just simply pick up, Chief Judge. Look, I understand what you're saying. These are separate cases, right? You've got a complaint in this case, and for the purposes of determining whether we have a final judgment that we can review, we look at it case by case, unless the case has been consolidated, in which case we have to look at them as a group. So as far as this case is concerned, what you've told me is they have federal claims, they had a superseding complaint that had no federal claims, and then they tried to add back the federal claims, and the judge says no. Now the judge may have had perfectly good reasons for doing it, which we can talk about, but right now I'm still trying to figure out the question of whether this is an appealable order. Whether this is something that it can appeal. And as best I can hear you say is what happened in this case is they were denied leave to add federal claims in their case. Is this not true? It's just a factual question. I think the answer is yes. Okay. So why, then, is this not an appealable order? Because it's interlocutory. It's not — no claims were dismissed. I'm sorry. You think denying leave to file a claim is not an appealable order? Not in the context of a consolidated coordinated MDL. Why? Insofar as they are seeking — I'm sorry. Why? Because I'm trying to — insofar as they are seeking to represent federal indirect claimants due to the class numbers, those claims are alive. They haven't been — they exist. They're just being asserted by different counsel. Do you understand the difference between appealability and the merits, the question of whether something is an appealable order and whether it is correct? Do you understand the difference between those two concepts? I think I do. I don't think you do. Well, in any event — The fact that the judge may have had a very good reason in the context of the case for denying them leave to appeal does not make this any less of an appealable order. And I'm still at the starting gate trying to figure out whether this is an appealable order and we have jurisdiction over the case. I do not believe you're — Okay, well, explain to me why. I mean, if you think it's not an appealable order, I'd like to hear why. Because there's no judgment dismissing claims. You don't have a final judgment dismissing claims. There is an order denying them leave to file an amended complaint adding federal claims. And that's a case management order. I don't — I think the precedent in this jurisdiction — Is that a yes? Yes, it's a case management order. So there is an order denying them leave to amend their complaint to add federal claims. That's correct. Yes or no? Yes. Okay. Why isn't that an appealable order? Because he's not just extinguishing those claims that are a lie. It's not like those claims do not exist and are not being prosecuted in the same proceeding before the very same judge. They are, just by different counsel. In another case. That is before him. That's right. These class members, if they have federal claims, these clients — Okay. So that's your position. You think it's not an appealable order because these cases are — these claims are being continued in another case before the same judge. That's right. If their claims have not been extinguished. Assume you're wrong about that. Why don't you go ahead for a minute. All right. Well, the order that is appealable — I mean, I'm not saying you are. I'm just saying I understand your position on it. I don't buy it. But go ahead. All right. Well, what brought us here is the dismissal with prejudice of State law claims. And we believe the court below properly held that those claims are preempted under the airline deregulation. Well, but also you are here to discuss whether the judge was right in not allowing them to amend the — to add the federal claims. Why isn't that clearly wrong, what the judge did? Well, Your Honor, I think they had — they had federal claims at the first time. They dropped them in December of 2007. They tried to add them again. Were they late? I mean, was it — were they — were they allowed — were they denied leave to amend for procedural grounds? They were too late? Chief Judge Kaczynski, he's saying I've got — I'm asking a question. No, I don't — I don't think it's a question of untimely. It's a question of — They were not untimely. No, it's a question of him managing his stock. It's saying you are going to prosecute all federal claims. This is how I'm dividing the court. Who are the plaintiffs here? Are there different groups of plaintiffs? In other words, are the plaintiffs that are being represented by this individual, this attorney, different than the plaintiffs who are allowed to go forward with their claims? I don't believe they are. If you look at the name — It's the same plaintiffs. Well, it's not the same identical name plaintiffs. But if you look, it's passengers that bought either through a travel agent or bought through tickets directly from the airline. It's people who traveled. There are also travel agents that have been named in the class. So it's passengers. If you look at the groupings — Well, but don't they have a complete adverse interest? I mean, the travel agents, orbits, and those people, if they want to — You know, the question is who gets to keep the money that the airline supposedly stole from them or, you know, through antitrust practices. And the travel agents have an interest in saying, we get to keep it. Whereas the passengers have an interest in saying, no, you just sort of passed on a cost-plus basis and therefore were the ones who got reaped for this. They're completely adverse, diametrically opposed interests. I don't think that's right, Judge, because — Well, persuade me. Well, I'll try. The reason is — the reason the judge divided things up Federal and State is there's a whole set of cases which say if a purchaser deals with — Can you speak to the question I asked? Yes. It depends on the facts of the situation, Judge Kuczynski. If the travel agent exercises title as opposed to simply acts as an agent, there's a whole line of cases saying someone who deals with a principal's agent is direct as to the principal. It's very fact-intensive. If, on the other hand, the travel agent bought a whole set for its own account and sold it, that scenario may apply. What this takes us to — I have no idea what you said. Why don't you use English? The English I'm trying to use is it depends on the facts of the situation. Your — Look, either the travel agent kept the money or it passed the cost on — you know, either the travel agent simply passed the cost on to the consumer, in which case the consumer took the loss, or the travel agent took the loss himself. It's the same dollar, right? That could be a situation — both airlines have pleaded responsibility. You can't have both the consumer and the travel agent — Yes, you can, Judge Kuczynski. And the reason is, insofar as the airlines fix travel agent commissions, which they allege are in the pleas, the commission — the airlines are direct as to the agents. Insofar as the airlines fix the fuel surcharge, which they allege, the travel agent has no intermediation on fuel surcharge. It's imposed directly by the airline on the ticket. There's no indirectness there, which is my long-winded way of saying the company who's indirect — I'm sorry, it's not long-winded. It's incomprehensible. What does it mean there's no indirectness? There's — the airline is directly setting the term and condition of sale as to the passenger. But the travel agent doesn't have to pass it on. The travel agent can pass on and take a discount. It does not have to pass dollar for dollar to the — you know, that's a decision it makes in the market. And it can either pass it on, in which case it does not get to keep — it does not get to recover, because then the cost has been passed on to the consumer, or it takes the loss because it has to modify how much profit it makes and the consumer gets a benefit. But just as to the fuel surcharge, Chief Judge Kaczynski, your premise is incorrect. The agent doesn't remit anything as to — it's imposed directly by the airline onto the passenger. This is — That's a theory, not a fact. The existence of the fuel surcharge may simply mean that the travel agent has to take less by way of commission. Chief Judge Kaczynski, it's — whether there's a conflict by — the fact is, insofar as they're indirect federal claims, they are alive. They're not extinguished. Insofar as they're — How can the same counsel that represents the travel agents, who have a directly adverse interest to the consumers, represent the same — the consumers? I don't — It can't be that — it's the same dollar. The fuel charge is the same dollar. It gets passed on. Either the loss is taken by the travel agents or it's taken by the consumers, right? How could it be that both travel agents and passengers have federal direct claims? I'm sorry, you're going to ask me a question? No, no, I'm trying to — I just asked you a question. You want to come back and ask me a question? No. If the conduct of the airlines, it directly affects both. One doesn't intermediate the other. That's what I'm — there's different components of price that are involved in the airline's conduct. One is a tariff. One is a fuel surcharge. One is travel agents — I'm just talking about the fuel surcharge right now. Fuel surcharge, I think, directly — it doesn't even implicate the travel agent. It implicates directly the — that makes privity between the airline and the passenger because the travel agent doesn't — I don't have to remit — person A doesn't have to pay person B who deals with persons. There's no passing on with the fuel surcharge. It's directly imposed by the airline. There's no intermediation by the — that's why the model of indirect — Oh, so you're taking the position that the travel agents do not seek recovery from the airlines for the fuel surcharge. You now, in court, you are going to disown any interest on behalf of your clients, the travel agents, on the fuel surcharge. I think if travel agents have a claim, Chief Judge — I'm asking you whether — The answer to that is yes. I think if travel agents — So you're disowning that on behalf of the travel agents. Well, I don't represent — I think the travel — Who do you represent? I think that I represent Asiana Airlines. I represent an airline. If travel agents have a direct claim against the airline, it's the commission because that's the term of conditional sale that makes them — Oh, you're one of the defendants. I'm one of the defendants, yes. Why are you arguing this? Well, Your Honor, I'm just — I'm trying to get at — trying to leave the court with a few things. One, federal claims have not been — I'm sorry, why aren't the travel — why isn't the lawyer for the travel agents here arguing this? Where are they? I mean, I don't know where the travel agents' lawyers are. They're in the federal case. I mean, what interest do you have as to whether or not these — The interest I have, Chief Judge Kuczynski, is to try to get the court to understand that using terms direct and indirect are fact-based. Conflicts of interest between indirect requires the court to get into the facts, and that's the job of the district judge. The facts may reveal, Judge Kuczynski, that if we're talking about two groups, passengers and travel agents, both may be direct as to the airlines, depending on the term of conditional sale. Travel agents as to a commission, passengers as to a fuel surcharge. They're both in preview. So you're saying that the people representing the travel agents, the lawyers for the travel agents, have made no appearance here, filed nothing? I think they are in the federal case. They are in the federal case. I've asked you a question. They haven't made an appearance here? In this case. Not to my — I mean, you'd have to ask these counsel whether they think they represent travel agents. They're not anywhere in the courtroom here. I don't think they do, so no. I don't think they've made an appearance. They're not at the counsel table? No. This is very curious. So you're arguing something that's to which you really — your client has no interest at all? Chief Judge Kaczynski, I'm arguing for this Court to affirm the order below. Well, I understand, but what interest does your client have as to whether or not how the plaintiffs divide up responsibility for prosecuting the case? I don't believe the order below should be reversed on preemption. I don't believe the case management order that they're trying to appeal is appealable. They're using terms like conflict of interest, direct and indirect. My point in getting that into you, with you, is that figuring out whether someone's direct or indirect depends on the terms and conditions of sale and the types of transactions they had with the defendants. It's not obvious a priori that all passengers, if they're claiming to represent them, are inherently indirect because the fuel surcharge touches them directly from the airline. No intermediation by the travel agent. Insofar as they have Illinois Brick, there's a — You certainly rehearsed that one well. There is a — No intermediation argument. But I think you're the wrong guy to be arguing this. This is a dispute between the plaintiffs' lawyers. I don't know why you're here arguing this. Well, why don't I — And I don't understand why they're not here to sustain their own position. Let me say, Chief Judge Kaczynski, I do believe it's a dispute about lawyers' camps. It's not really. It's about who got assigned a claim. And I think that's the district judge to say, you prosecute these claims. I think that's — Your argument is that that's interlocutory. Absolutely. And if it is interlocutory, what are the opportunities before final judgment to have that reconsidered or reviewed? At the class certification phase, Judge O'Scanlan, if — Judge Otero, once the facts are put before him, he will either figure out that actually both camps are in a sense direct or — So this is a timing issue. I mean — In other words, those issues that they're concerned about today could properly be raised at the class certification stage. Absolutely, Your Honor. Which is appeal. Which is appeal. Counsel, if I could interject a question. If the district court judge certifies a class, am I correct in thinking that the particular appellants who are here today, through the counsel who argued in the courtroom, that they would have the right to opt out of the class? I think that's correct, Judge Gould, yes. I think that's correct. But — Well, I'm sorry. What good would it do them since they can't file a complaint bringing their own claims? They would have to be insane to opt out. Usually people opt out because they say, I want to bring my own claim. But they have been dismissed out. They can't bring their own claim. They haven't been dismissed out. Insofar as they have federal indirect damages claims, which are limited, Illinois grant costs, insofar as that theory is viable to the people they represent, those claims are being prosecuted. They are a lie. But by somebody else. By other counsel before the same judge in the same NBL proceeding. But you answered to Judge Gould that they can opt out. No, I said they could. They could opt out. Yes. But they can't — what would be the point of opting out since they can't bring their own claims? People don't usually opt out just to avoid getting a benefit. They usually opt out because they can bring their own complaint. If there's a — if there's a class, they can — they do have a claim that they can lodge if there's ever a certified class. So that whatever federal damages claim exists — No, they say, we want to opt out. We don't want to participate in that class. Then they can — if they have a viable federal damages claim, they're very limited. There's a federal injunction claim going on. If you can get an injunction, it's an indirect. If they are indirect. So the big if. If they want — if there's a viable federal damages claim, that hasn't — they're a member of a class. I didn't want to opt out. We're talking about opting out. Then they can — then they can bring an opt-out case, Chief Judge Kaczynski. How can they bring an opt-out case? Why wouldn't the judgment in this case be Rosary Carter? Because what he said, what Chief Judge — what Judge Otero did is said, federal claims. Do you think that's a funny question? No, I'm sorry, Chief Judge Kaczynski. You seem to think it's funny. How — did you hear the question? Yes. How can they — let's say they want to opt out and bring their own claim. Because the claim — Why wouldn't this be Rosary Carter? Again, you're talking when you should be listening. Why wouldn't this be Rosary Carter? Because no federal claims as to this group of plaintiffs has been dismissed. There's no — re-adjudicated is a final judgment on the merits. There's no — no federal claims have been dismissed. The order below that's on appeal that was held — the claims that were held to be preempted under the Airline Deregulation Act are all state law claims. If these individuals have federal law claims, they're alive and being prosecuted just by different lawyers. So I respectfully suggest what's going on here is a battle. I still don't understand. They're not — they're denied leave to add these federal claims. This now becomes, assuming we're to affirm, this becomes a final judgment. How can they later on say, we opt out and now want to bring our own claims after all? Why wouldn't you stand up and say, oh, but that claim was dismissed. It was — they sought appeal. They sought to amend, and it was denied. And then we appealed, and 9th Circuit affirmed. So you're out of luck. So you can opt out all day long, but you can't bring your own claims. No, Chief Judge Kaczynski, respectfully, it's not sleeves off a vest. The only judgment, if you affirm, and I respectfully ask the Court to affirm, what has been dismissed with prejudice are state law claims. No federal claims have been dismissed. They are allied and prosecuted simply by different counsel. These — their clients are members of that commutative class. Those — if a class is certified, they can either remain. If there are viable federal indirect damages claims, they can quit. They get an injunction, or they can opt out. But their federal rights, these — this counsel's clients' federal rights have not been extinguished. That's the point. He simply has a different set of lawyers prosecuting him. So if you affirm, and we ask that you do, we think the preemption provision plainly applies to foreign air carriers based on its purpose, text. I'm happy to discuss that basic issue if the Court wishes. But there's no extinction of federal claims as we stand here. Absolutely not. So their clients would not be presented with a situation, oh, you can't opt out because they were dismissed. There's no order before you dismissing federal claims. What is being extinguished, however, is the right of these lawyers to bring federal claims. That's been extinguished. Yes. That's correct, Chief — or Judge Escanio. Why shouldn't that be appealable? Well, because I don't — it's not my understanding that if one group of lawyers gets a claim and another group of lawyers doesn't, that that's an appealable order. There's no final judgment. No claim has been extinguished. It's simply they were assigned to a different counsel, and I lost out on that term. You know, I respectfully think that's what's driving a lot of this. So, wait a minute, you say they're assigned to a different counsel. They are folded into a class. They have claims of their own, and what the district court did is says, you know, your claims are going to be prosecuted as part of this other lawsuit, which you have not voluntarily joined. Well, their members — I'm not talking about the lawyers. I'm talking about the clients. The named plaintiffs. You're right, Chief Judge Kaczynski. These named plaintiffs are not listed on the caption of the federal case. That's correct. But they're — when you read the class definition, if one reads that, they're in that class. And then if a class is certified, they can either lodge a claim or say, you know what, I'm going to bring my own, but it's prosecuted by different counsel. But whatever federal rights they have, assuming you're — Why can't they say that now? I beg your pardon? Why can't they say that now? We don't want to have anything to do with the class. We want to bring our own claims. Because I think — Why do we have to wait? Why can't they say, look, we have our own lawyers. We want to bring our own claims. We have a right to opt out of any class. We are now choosing to prosecute our own claims. District judges getting MDL cases. There were, I think, many, many teams of cases, individual cases filed. The district judge picked lead counsel for state law claims, and he picked lead counsel for federal law claims. I think it's, to me, rudimentary in case management that judges, district judges with these big cases, have to appoint lead counsel and have to organize their cases. And that's what Judge Otero did here. He gave to one group of lawyers all federal claims, direct and indirect, and if there are indirect damages, but there's clearly indirect injunction. And he gave to one group of lawyers state law claims. I think, and this Court made clear in the PPA case, this kind of organizational device, the case management orders, is the engine that allows a district judge to manage his docket. But no federal claims have been extinguished. What has been extinguished is preempted under the Airline Deregulation Act are state law claims. And I'm happy to talk about that, the preemption issue, if the Court wishes. Are there any questions about that? I have no question on that. Could I clarify one point, please? My understanding is that these appellants who are here are not here trying to assert claims as individuals, as individual indirect purchasers, but rather they want to assert class claims on behalf of indirect purchasers. Is that right? That's correct, Judge. I guess maybe I should address that to the appellant's lawyer. Okay. So what is, if there is, if you're correct, that this is essentially in that part of the case, a turf battle between different firms that want to represent the indirect purchaser class. How is that, how does that get reviewed in an MDL system in the federal courts? You know, what is the mechanism? Let's say the appellant's lawyers here say, you know, we think we're the greatest lawyers for this class. And we think the lawyers who brought the direct purchaser class are not good for the indirect purchaser class. How does that get resolved in the federal court? Typically it's resolved, Judge Gould, at when a class is certified. It's generally not appealed when an assignment is made. The district judge has the power to assign, lead counsel, and divide up the case. It's typically at the, I think Judge O'Scanlan may have mentioned this, it's typically at the class certification phase where if someone says, I don't think you've done an adequate job prosecuting on my behalf, they raise it then. Or I think there's a conflict there. I think it's at the class certification phase, Judge Gould. But I just want to, I know I'm probably sounding like a broken record on this. I think using terms like direct and indirect presuppose so many facts about how the relationship between the different contending parties, that's a job for the district judge to figure out. Because it's perfectly conceivable that neither passengers nor travel agents are indirect. Both can be said to be in privity with the airlines depending on the term or condition of sale. So I, the short answer, Judge Gould, is I think at the class certification phase. If someone wants to contend that you supposedly represented me as an unnamed imputed class member, I don't think you did a very good job, and this is why. Thank you. Thank you. Okay. Thanks. We'll give him a little bottle of water. Your Honors, we cited a number of cases from MDLs in which the court appointed a separate counsel for the indirect purchaser class and for the direct purchaser class even while those cases were coordinated. And I think the reason for doing so is quite plain. It's because of the inherent conflicts that indirect purchasers have with direct purchasers in, number one, litigating. Let me be sure I understand. Is the sequence of opposing counsel correct? You brought claims, state and federal claims, and then you filed a superseding complaint with only state claims. Correct. Was that voluntary? It was voluntary. It was prior to the coordination of the two actions. After the cases were coordinated in front of Judge Brotero. I asked one question. It's voluntary. Yes. And now you're going off and telling me all sorts of stuff. It was voluntary. Okay. And then afterwards you tried to file an amended complaint adding back federal claims. Second amended complaint. And that was denied. Stricken. It was stricken by the judge in March 2008. Explain to me this was being denied, deformed, and stricken. I'm not sure functionally there is a difference. You had a right to file an amended complaint? We were ordered to file a second amended complaint after the cases were coordinated in front of Judge Brotero. And when you did, you filed a second amended complaint, which included the federal claims, and the district judge struck the federal claims. Ordered us to file a corrected second amended complaint, removing those claims. Which you did. Correct. Under the compulsion of the district judge. Correct. If there are any further questions from the Court, but I would just say that we cited a number of MDL cases where separate counsel is assigned to the indirects as opposed to the directs, and I think it's quite clear that there are inherent conflicts, especially in the context of litigating the exceptions to the Illinois BRIC rule, as well as in the pursuit of injunctive relief under the Sherman Act. Okay. Thank you. Okay.
judges: Kozinski, O'scannlain, Gould